UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KYLE RICHARDS,

               Plaintiff,

v.                                                                Case Number: 11-cv-10929
                                                              Honorable Thomas L. Ludington

ERIC SMITH, et al.,

               Defendants.
                                                        /

**OPINION AND ORDER DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

      Plaintiff Kyle B. Richards ("Plaintiff"), currently incarcerated at the Macomb County Jail in Mount Clemens, Michigan, filed this pro se civil rights complaint on March 9, 2011, challenging his arrest for a bank robbery on January 7, 2011, in Macomb County. Plaintiff submitted a six-page, hand-written complaint in which he claims that he has "denied such allegations and plead[ed] not guilty." (Compl. at 2.) He names the following as defendants: (1) Macomb County Prosecuting Attorney Eric Smith ("Prosecutor Smith"), (2) Criminal Defense Attorney Steve Kaplan ("Attorney Kaplan"), and (3) Macomb County Judge Edward Servitto ("Judge Servitto") (collectively, "Defendants").

      According to Plaintiff's complaint, Defendants have conspired against him. He alleges that Attorney Kaplan, along with Prosecutor Smith, harassed him and used "excessive threats" to get him to plead guilty. (Compl. at 4.) He also claims that Judge Servitto told him that if he did not plead guilty, then he would receive "the harshest punishment." (Compl. at 6.) It is unclear to the Court the specific relief that Plaintiff is requesting.

For the reasons provided hereafter, the Court will dismiss the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. The Court also concludes that an appeal cannot be taken in good faith.

I

Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A pro se civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded pro se plaintiffs the Court finds that, in this case, Plaintiff's complaint is subject to dismissal.

II

A

Plaintiff's complaint is subject to dismissal for several reasons. First, the portion of Plaintiff's complaint challenging his state-court criminal proceedings must be dismissed. A claim may be brought under § 1983 by a state prisoner to challenge a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), but not the validity of his confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This holds true regardless of the relief sought by Plaintiff. *Id.* at 487-89.

> *Heck* and other Supreme Court cases, when taken together
>
> indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration."

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If Plaintiff were to prevail on the claims contained in his complaint, the validity of his continued confinement would be called into question. Such claims are barred by *Heck* and must be dismissed.

B

Second, the Court finds that Defendant Judge Edward Servitto is entitled to absolute immunity in this case to the extent Plaintiff is requesting monetary damages. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (finding that a judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996) (citing *Mireles*, 502 U.S. at 9);

*see also Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (noting that judges are entitled to absolute judicial immunity).

The United States Court of Appeals for the Sixth Circuit has described the immunity from suit enjoyed by judges as follows:

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication. . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability."

*Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001) (internal citations omitted).

Plaintiff's challenge to the proceedings involve the performance of judicial duties by Judge Servitto. Accordingly, Judge Servitto is absolutely immune from suit for such conduct and the claim against him must be dismissed.

C

Third, Plaintiff's action against Prosecutor Smith also must be dismissed because prosecutors are immune from suit for actions taken during the prosecution of a plaintiff.

"Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." *Imbler*, 424 U.S. at 430-31. The

Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal citations omitted). As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003).

In the instant case, Prosecutor Smith's decision to prosecute Plaintiff, his advocacy in court, his communication with witnesses, and his decisions regarding the disposition of the case are all in the course of his role as advocate for which he is entitled to absolute prosecutorial immunity. Therefore, the claims against Prosecutor Smith must be dismissed.

D

Finally, Plaintiff's suit against Attorney Kaplan also must be dismissed because it fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Attorneys performing a lawyer's traditional functions as counsel to a criminal defendant do not "act under color of state law" and are therefore not subject to suit under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981). Even though the defective performance of a criminal defense attorney may cause the legal process to deprive an accused criminal defendant of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional action does not act under the color of state law within the meaning of § 1983. *See Briscoe v. Lahue*, 460 U.S. 325, 329 n.6 (1983); *see also Dunning v. Yuetter*, 12 F. App'x 282, 284 (6th Cir. 2001) (finding that criminal

defense attorneys did not act under color of state law for purpose of § 1983). The Court will therefore dismiss the claims against Attorney Kaplan.

III

The Court concludes that Plaintiff has failed to state a claim upon which relief may granted under 42 U.S.C. § 1983. The Court therefore **DISMISSES** Plaintiff's pro se civil rights complaint.

Plaintiff's claims are **DISMISSED WITH PREJUDICE** except to the extent that his claims fall under the rubric of *Heck*, which are **DISMISSED WITHOUT PREJUDICE** until his criminal convictions have been invalidated. When a prisoner's civil-rights claims are barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claims for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his convictions or sentences are later invalidated. *See Murphy v. Martin*, 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004).

Additionally, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                                                              s/Thomas L. Ludington
                                                              THOMAS L. LUDINGTON
                                                              United States District Judge

Dated: May 16, 2011

**PROOF OF SERVICE**
The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Kyle Richards, #340573, at Macomb County Jail, P.O. Box 2308. Mt. Clemens, Mi 48043 by first class U.S. mail on May 16, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS